UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANNELL BORNE-FRANKLIN                         CIVIL ACTION

VERSUS                                          NO. 07-6879

EMPIRE FIRE AND MARINE                          SECTION "S" (5)
INSURANCE COMPANY

## ORDER AND REASONS

**IT IS ORDERED** that above-captioned case is **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson.

Plaintiff, Shannell Borne-Franklin, filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, against her homeowners' insurance company, Empire Fire and Marine Insurance Company, alleging that Empire failed to pay plaintiff for damages sustained to her home as a result of Hurricane Katrina.  Thereafter, Empire removed the case to this Court alleging that diversity jurisdiction exists under 28 U.S.C. § 1332.  The parties have recently filed an irrevocable stipulation of damages agreeing that the claims in this case do not exceed $75,000.  Further, plaintiff agrees not to execute any judgment rendered in excess of that amount.

"Congress instructs a federal court that if at any time prior to final judgment, during a removal from state to federal court, 'it appears that the [federal] district court lacks subject matter jurisdiction, the case shall be remanded.'"  *McDonal v. Abbott Laboratories*, 408 F. 3d 177, 182 (5th

Cir. 2005)(citing 28 U.S.C. § 1447(c)).  Even if the parties do not raise a question of jurisdiction, any federal court may raise subject matter jurisdiction sua sponte.  *Id*. at 183, n.5 (citations omitted).  Post-removal stipulations may be considered in determining the amount in controversy at the time of removal only if the basis for jurisdiction is ambiguous at the time of removal.  *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880 (5th Cir.2000).

The stipulation of damages submitted by the parties demonstrates that the amount in controversy requirement is not met 28 U.S.C. § 1332,  and therefore, this Court lacks jurisdiction.  Accordingly, this case is remanded to the Twenty-Fourth Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, this ___29th___ day of November, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**